IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

LARRY DON GREEN,

      Plaintiff,

v.

      Case No. 26-CV-142-JFH-JAR

JUDGE KING, et al.,

      Defendants.

## ORDER

Plaintiff Larry Don Green ("Platinff"), a self-represented prisoner, initiated this federal civil rights action pursuant to 42 U.S.C. § 1983 on May 11, 2026.  Dkt. No. 1.  On May 19, 2026, the Court screened and dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a)-(b), with leave to amend.  Dkt. No. 4.  The Court additionally denied Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [Dkt. No. 2] with leave to amend.  *Id.*  The Court directed Plaintiff to file an amended complaint on the court-approved form on or before June 9, 2026, and to either pay the required fees or file a properly supported amended motion for leave to proceed *in forma pauperis* on the court-approved form by that same date.  *Id.* at 6.  The Court then directed the Clerk of Court to mail Plaintiff a Pro Se Prisoner Civil Rights Complaint form and a Motion for Leave to Proceed *in Forma Pauperis* form, both marked "amended."  *Id.* at 7.

On May 28, 2026, Plaintiff filed a motion for appointment of counsel.  Dkt. No. 5.  Plaintiff then submitted a handwritten letter [Dkt. No. 6] and motion styled "Motion to Stay Revocation & Sentence" [Dkt. No. 7], in which he reasserts certain arguments from his Complaint.  However, as of this date, Plaintiff has not submitted an amended complaint, an amended motion for leave to proceed *in forma pauperis*, or the $405 fee for initiating this civil action.  Nor has he requested additional time in which to comply with the Court's Order of May 19, 2026.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with . . . a court order," the Court may dismiss the action.  Fed. R. Civ. P. 41(b).  "[T]he Rule has

long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)).  If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" when entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236.

Though Plaintiff appears *pro se*, he must still follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007).  As outlined above, the Court has provided Plaintiff sufficient opportunity to file an amended complaint and an amended motion for leave to proceed *in forma pauperis*.  Plaintiff's failure to do so leaves the Court unable "to achieve [an] orderly and expeditious" resolution of this action. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962).

IT IS THEREFORE ORDERED that Plaintiff's action is DISMISSED without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.  Plaintiff's Motion for Appointment of Counsel [Dkt. No. 5] and Motion to Stay Revocation and Sentence [Dkt. No. 7] are DENIED as moot.  A separate judgment of dismissal shall be entered in this matter.

Dated this 22nd day of June, 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE

2